AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

___SOUTHERN___ DISTRICT OF ___NEW YORK___

ARTURO CRUZ

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

CITY OF NEW YORK, SERGEANT BRUCE CARROLL,
SHIELD # 2220 and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES AND AGENTS

**08 CV 0140**

**JUDGE CROTTY**

TO: (Name and address of defendant)

Corporation Counsel
100 Church street
New York, New York 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

DARMIN T. BACHU ESQ
BACHU & ASSOCIATES
127-21 LIBERTY AVENUE
RICHMOND HILL, NY 11419

[Stamp: CITY OF N.Y. LAW DEPART. OFFICE OF CORP. COUNSEL COMMUNICATIONS SECTION — 2008 JAN 8 AM 9 56]

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    JAN 0 8 2008
CLERK                                 DATE
/s/ Marcos Quintero
(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ARTURO CRUZ,                                    COMPLAINT

           Plaintiff,              CIVIL ACTION NO.:

  -against-                                    **08 CV 0140**

CITY OF NEW YORK, SERGEANT BRUCE CARROLL,
SHIELD # 2220 and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,

           Defendants,
                                       JURY TRIAL DEMANDED
------------------------------------------X

    The plaintiff, complaining of the defendants, by his attorney, DARMIN BACHU, ESQ., respectfully shows to this Court and alleges:

**JURISDICTION**

    1. Jurisdiction is founded upon the existence of a Federal Question.

    2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

    3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That an award of attorneys' fees is appropriate under 42 U.S.C. § 1988.

5. That venue is proper pursuant to 28 USC § 1391(b)(1 and 2).

6. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## PARTIES

7. That the plaintiff, an Hispanic male, is a resident of the United States and is a resident of the County of New York, City and State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior and under state municipal law as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9. Upon information and belief, that at all times hereinafter mentioned, defendants SERGEANT BRUCE CARROLL, SHIELD # 2220 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS, were employed by the defendant NYC as police officers.

10. The NYPD is a local governmental agency, duly formed and

operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

11. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 and the rights under the Constitution and laws of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State and City of New York, and under the authority of their office as police officers of said state, county and city.

**STATEMENT OF FACTS**

13. On March 25, 2007 at about 3:00 AM, plaintiff was inside of his apartment at 606 West 191st Street, New York, New York, when the defendants unlawfully entered the apartment, unlawfully searched the plaintiff and his apartment, unlawfully damaged and took plaintiff's property, unlawfully assaulted the plaintiff, unlawfully arrested and imprisoned plaintiff for possession criminal possession of a weapon. The defendants, knowing that the plaintiff did not criminally possess

a weapon, falsely arrested and maliciously prosecuted the plaintiff in violation of his rights. Plaintiff was forced to return to court until all charges were dismissed on June 19, 2007. The plaintiff suffered injuries including attorney's fees, property damage, loss of property and emotional distress as a result of the false arrest, false imprisonment and malicious prosecution.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

15. That the plaintiff's rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff was unlawfully seized, detained, assaulted, arrested, imprisoned, searched as to his person and property, his property was unlawfully damaged and seized, had his rights to privacy violated and was maliciously prosecuted.

16. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights: to be secure in his person, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law; his right not to be subject to unreasonable force; to be informed of the nature and cause of the accusation against him/her as secured to

him/her under the Fourteenth Amendment of the Constitution of the United States; right not to be forced to appear in court without probable cause; the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

17. That the said arrest, imprisonment and prosecution were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

18. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said location.

19. That the defendant individual police officers conspired together to violate plaintiff's rights in that the individual officers acted in concert to unlawfully violate plaintiff's rights. Said conspiracy included the overt acts of falsely detaining, arresting, imprisoning and prosecuting the plaintiff.

20. That the plaintiff was innocent of criminal charges and did not contribute in any way to the conduct of the defendants, their

agents, servants and employees and was forced by the defendants to submit to the arrest and imprisonment entirely against his will.

21. That the defendants, their agents, servants and employees intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and, that the confinement was not otherwise privileged.

22. That by reason of the violations of plaintiff's rights, plaintiff was injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer emotionally and financially.

23. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

25. Defendants NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this

case to engage in the above mentioned conduct.

26. The defendants have unconstitutional policies, including but not limited to arrest on less than probable cause and/or not investigating an incident.

27. That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of NYC and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiff and deprived plaintiff of his rights under the Constitution of the United States and the laws of the United States.

28. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiff demand judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause Of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Second Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances

Dated:   December 28, 2007
         Queens, New York

_____
DARMIN BACHU, ESQ.(DB-5392)
Bachu & Associates
Attorney for Plaintiff
127-21 Liberty Avenue
Richmond Hill, NY 11419
718-843-6464