

```
                                                        ┌─────────────────────────┐
                                                        │ USDS SDNY               │
                                                        │ DOCUMENT                │
                                                        │ ELECTRONICALLY FILED    │
                                                        │ DOC #: _____  │
                                                        │ DATE FILED: MAR 0 4 2008│
                                                        └─────────────────────────┘
```

THE CITY OF NEW YORK

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

CAROLINE CHEN
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
Email: cchen@law.nyc.gov

March 3, 2008

**MEMO ENDORSED**

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   Arturo Cruz v. City of New York, et al.
             08 Civ. 140 (PAC)

Your Honor:

      I am the Assistant Corporation Counsel assigned to the defense of the above-referenced matter. I write to respectfully request that defendant City of New York ("City") be granted a forty-five day enlargement of time from March 3, 2008 to April 14, 2008, to answer or otherwise respond to the complaint.[1] Plaintiff's counsel consents to the instant application.

      In the complaint, plaintiff alleges, *inter alia*, that, on or about March 25, 2007, he was purportedly false arrested and imprisoned for criminal possession of a weapon after defendant unlawfully entered and searched his apartment.

      An enlargement of time is necessary in order for defendant to investigate the allegations in the complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure. First, this office needs a properly executed and notarized release from plaintiff whereby he consents to the designation of the Corporation Counsel as his agent for release of records sealed

---

[1] The City of New York was served with process on or about January 8, 2008, and thus its answer was due on or about January 28, 2008. The undersigned apologizes to the Court for the delay of the instant application. In addition, upon information and belief, defendant "Bruce Carroll" has not been served with process and thus is not party to this action.

pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal investigation, and defendant cannot obtain these records without the designations. Although plaintiff has attempted to provide a §160.50 release to defendant, said release was missing pertinent information including the criminal court and docket number of the case that was dismissed against plaintiff. Similarly, plaintiff has yet to provide defendant with medical release(s) so that we can access his medical records and investigate his alleged injuries. Without these releases, defendant cannot properly assess this case or respond to the complaint.

In addition, upon review of the court docket, plaintiff has yet to serve process upon the individually named defendant, Bruce Carroll. In addition, as of this date, no request for representation has been received with respect to this defendant. Therefore, a decision concerning this Office's representation of Mr. Carroll has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

Once plaintiff has effected timely service on individual defendant Bruce Carroll and this individual requests representation from this office, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent this individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to April 14, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Caroline Chen
Assistant Corporation Counsel

cc:   Darmin T. Bachu (by ECF)
      *Attorney for Plaintiff*
      127-21 Liberty Avenue
      South Richmond Hill, New York 11419

SO ORDERED: MAR 0 4 2008

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE