UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ARTURO CRUZ,

                               Plaintiffs,

          -against-

CITY OF NEW YORK, SERGEANT BRUCE CARROLL, SHIELD #2220 AND UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,

                               Defendants.

------------------------------------------------------------------------x

**ANSWER**

08 CV 0140 (PAC)

JURY TRIAL DEMANDED

        Defendants City of New York and Bruce Carroll, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding the unidentified New York City police officers in paragraph "9" of the complaint, except admit that on or about March 25, 2007, Bruce Carroll was a NYPD sergeant.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York maintains a police department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was arrested on March 25, 2007. Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported dismissal of plaintiff's criminal prosecution.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. There was probable cause for plaintiff's search, arrest and/or detention.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. There was probable cause for plaintiff's prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. Defendant Bruce Carroll has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. Plaintiff has failed to comply with G.M.L. §§50(e) and 50(i).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36. At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, defendant City of New York is entitled to governmental immunity.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

37. Plaintiff cannot obtain punitive damages against the City of New York.

-5-

WHEREFORE, defendants City of New York and Bruce Carroll request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 14, 2008

                      MICHAEL A. CARDOZO
                      Corporation Counsel of the
                        City of New York
                      *Attorney for Defendants*
                      100 Church Street, Room 3-199
                      New York, New York 10007
                      (212) 788-1106

By: _____
      CAROLINE CHEN
      Assistant Corporation Counsel

To:    Darmin Bachu, Esq. (by ECF and first class mail)
       *Attorneys for Plaintiff*
       127-21 Liberty Avenue
       Richmond Hill, New York 11419

Index No. 08 CV 0140 (PAC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ARTURO CRUZ,<br><br>              Plaintiffs,<br><br>       -against-<br><br>CITY OF NEW YORK, SERGEANT BRUCE CARROLL, SHIELD #2220 AND UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,<br><br>              Defendants. |
| ANSWER |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 3-199*<br>New York, New York 10007<br><br>*Of Counsel: Caroline Chen*<br>*Tel: (212) 788-1106*<br>*NYCLIS No. 2007-* |
| *Due and timely service is hereby admitted. New York, New York  , 2008...*<br><br>............................................................ *Esq.*<br><br>*Attorney for* ........................................................... |

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on April 14, 2008, I caused to be served the **ANSWER** upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Darmin Bachu, Esq.
127-21 Liberty Avenue
Richmond Hill, New York 11419

Dated:     New York, New York
           April 14, 2008

_____
CAROLINE CHEN